[No. 13612.    In Bank. — April 17, 1890.]

# H. W. LATHAM, RESPONDENT, *v.* CITY OF LOS ANGELES ET AL., APPELLANTS.

APPEAL — DISMISSAL — SERVICE OF NOTICE ON CO-DEFENDANT — DECREE QUIETING TITLE. — Where in a suit to quiet title it is adjudged that plaintiff and one of the defendants own separate interests in the property in controversy, and the decree quiets title to their respective interests as against another defendant, it cannot be determined, in advance of an inquiry into the merits of the case, on motion to dismiss an appeal by the latter from the judgment for want of service of notice of appeal on the co-defendant, whether a decision of the appeal would necessarily affect the interests of such co-defendant as an adverse party.

MOTION to dismiss an appeal from the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Bearden & Daly*, and *C. McFarland*, for Appellants.

*Chapman & Hendrick*, and *Johnston & Borden*, for Respondent.

Beatty, C. J.—This is a suit to quiet title. The decree is that plaintiff and defendant Bigelow own certain separate interests in the property in controversy, and it quiets their title to their respective interests, as between themselves and as against the city of Los Angeles.

The city of Los Angeles moved for a new trial, but served notice of the motion upon the plaintiff only, and that motion being overruled, has appealed from the decree "in favor of the plaintiff and against said defendant" (the city), serving its notice of appeal on the plaintiff only, and omitting to serve its co-defendant, Bigelow.

The respondent now moves to dismiss the appeal, on the ground that the notice of appeal, not having been served on Bigelow, was not served on all the adverse parties.   (Code Civ. Proc., secs. 938, 940, and Deering's notes.)

We cannot, without going into the merits of the case, see that Bigelow is necessarily an adverse party to the city of Los Angeles on this appeal, or that his interests will be at all affected by a reversal or modification of so much of the decree as is in favor of the plaintiff and against the city. Of course, on this appeal there can be no reversal or modification of that part of the decree which is in favor of Bigelow, but possibly the interest assigned to plaintiff may be held to belong to the city, and the decree may be modified accordingly without in any manner affecting Bigelow. Such a case is certainly supposable, and that is all that need be determined for the purposes of this motion. If it be true, as suggested by counsel, that the peculiar circumstances of this case make any modification of this decree impossible, without injuriously affecting the interests of Bigelow, that fact will render the appeal fruitless, but the question cannot be decided in advance of a hearing on the merits.

Motion to dismiss overruled.

Fox, J., Sharpstein, J., Paterson, J., and McFarland, J., concurred.